USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/4/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

In re Application of
ITAU UNIBANCO S.A. NASSAU BRANCH,
for an Order to Take Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782

---------------------------------------------------------------X

**24-MC-459 (KHP)**

**OPINION AND ORDER ON MOTION FOR PROTECTIVE ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On March 26, 2025, the Court issued an Opinion and Order granting in part and denying in part Petitioner's application for discovery for use in foreign proceedings pursuant to 28 U.S.C. § 1782. (ECF No. 33). On July 16, 2026, the Court issued an additional Opinion and Order resolving Petitioner's motion to compel production. (ECF No. 78). In that Order, the Court directed the parties to submit a status letter addressing Respondents' production and identifying any discovery issues that remained outstanding. (*Id.* at 14). On July 30, 2026, the parties filed a joint letter pursuant to that directive, advising the Court that a single discovery dispute remained unresolved. (ECF No. 79). Specifically, Respondents request that the Court enter a protective order to limit use of the discovery obtained to the pending Chilean Action, require that the materials be treated confidentially, and require their return or destruction within thirty days after that litigation concludes. (*Id.*). Petitioner opposes those restrictions, arguing that Section 1782 does not itself restrict the use of lawfully obtained discovery in other proceedings and that Respondents have not demonstrated good cause for the entry of a protective order under Federal Rule of Civil Procedure ("Rule") 26(c). After hearing from counsel during a telephonic conference on November 2, 2026 on the issue and in consideration of their written submission, the Court now addresses that dispute.

**LEGAL STANDARD**

As the Second Circuit has explained, Section 1782 does not, by its own terms, prohibit an applicant from using lawfully obtained discovery in another proceeding. *See In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 135 (2d Cir. 2017) ("Section 1782 does not prevent an applicant who lawfully has obtained discovery under the statute with respect to one foreign proceeding from using the discovery elsewhere unless the district court orders otherwise."). Whether to impose such a restriction through a protective order is "within the sound discretion of the district court." *Dove v. Atl. Cap. Corp.*, 963 F.2d 15, 20 (2d Cir. 1992) (finding that a district court did not abuse its discretion by declining to enter a protective order prohibiting use of discovery in a related UK action).

A protective order is appropriate to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. Rules Civ. P. 26(c)(1). "[I]t is the burden of the party seeking the [protective] order to show that good cause exists." *Mazzocchi v. Windsor Owners Corp.*, No. 11 Civ. 7913(LBS), 2012 WL 3288240, at *9 (S.D.N.Y. Aug. 6, 2012) (quoting *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir.2004)) (quotation marks and alterations omitted). Good cause requires "'demonstrating a particular need for protection,'" not "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning.'" *Wiwa v. Royal Dutch Petrol. Co.*, No. 96 Civ. 8386 (HP), 2006 WL 2724024, at 1* (S.D.N.Y. Sept. 22, 2006) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

In the context of Section 1782 actions, evidence that a party is "'attempting to use foreign litigation as a ruse for obtaining discovery' for use in other foreign proceedings" may provide good cause. *In re Accent Delight Int'l Ltd.*, 869 F.3d at 135 (quoting *Glock v. Glock, Inc.*, 797 F.3d 1002, 1009 (11th Cir. 2015)). However, "the mere fact that [discovery sought] may be used in other litigation does not mandate a protective order." *Dove*, 963 F.2d at 19. "So long as the initial litigation has not itself been instituted in bad faith for the purpose of obtaining documents for other actions, and so long as the interests of those represented in the initial litigation are being fully and ethically prosecuted, the Federal Rules do not foreclose the collaborative use of discovery." *Ibid.* (quoting *Cipollone v. Liggett Grp.*, 113 F.R.D. 86, 91 (D.N.J. 1986)).

On the other hand, good cause has been found, when the respondent in a Section 1782 action was under criminal investigation in Korea, and the discovery obtained in the 1782 application risked violating respondents right against self-incrimination in Korea. *See In re Youngpoong Corp.*, 25-MC-194 (JAV), 2025 WL 3228034, at *7 (S.D.N.Y. Nov. 19, 2025).

**DISCUSSION**

After careful review of both parties' positions, the Court finds that Respondents have not established the requisite good cause for a protective order. Respondents have failed to articulate more than a generalized concern regarding the subsequent use of the discovery authorized.

Though the Chilean Action is currently the only identified foreign proceeding in which the discovery may be used, that circumstance alone does not demonstrate that broader use of

the materials would prejudice Respondents or otherwise warrant a protective order. See *In re Iraq Telecom Ltd.*, No. 18-MC-458 (LGS) (OTW), 2020 WL 605931, at 1–2 (S.D.N.Y. Feb. 7. 2020) (allowing use of subpoenaed documents in "potential foreign proceedings" while denying intervenors' proposed protective order limiting use to only the proceedings listed in the 28 U.S.C. §1782 application). Unlike the respondent in *In re Youngpoong Corp.*, Respondents here does not identify any concrete harm such as a concern about use of the discovery potentially prejudicing him in another litigation or encroaching on his constitutional rights in another country. 2025 WL 3228034, at *7.

Rather, Respondents' contention that Petitioner could have no legitimate future use for those materials is necessarily speculative, particularly where Petitioner indicated during the telephonic conference that they had been upfront with Respondents about using discovery obtained in a contemplated contract nullity proceeding in Chile.

Neither have Respondents identified how use of the limited discovery from this action would lead to "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). While during the telephonic conference Respondents discussed the burden of additional potential litigation on entities or persons not parties to this action, nothing prevents Petitioner from initiating new Section 1782 applications for any contemplated related action, which could increase the burden or expense on Respondents or other parties to re-obtain the same records.

Moreover, as the Eleventh Circuit noted in *Glock*, restricting produced documents to a specific case could burden other courts with determining whether any evidence produced in

related actions violated the protective order in a previous Section 1782 action. 797 F.3d at 1009-10. It could also "create a perverse incentive for a party responding to a Section 1782 order to flood the applicant with evidence in an effort to insulate itself from [other] litigation by precluding the requesting party's ability to use such] evidence . . . in any future . . . litigation." *Id.* At 1010.

Lastly, there is no indication that the discovery was obtained in bad faith or as part of a "ruse." *In re Accent Delight Int'l Ltd*, 869 F.3d at 135. The Court has already substantially cabined the scope of discovery. And while the Court has previously restricted the type of discovery that may be obtained in this action, it has not similarly limited its use. Absent a particularized showing of harm, Respondents' generalized concerns about possible future use or disclosure do not establish the requisite good cause necessary to entitle them to a protective order under Rule 26(c).

## CONCLUSION

In light of the foregoing, Respondents' request for a protective order is DENIED, with the exception that Petitioner must make efforts to protect any personally identifying information such as bank account numbers to the extent contained in any of the documents produced in this matter in the same manner such information is required to be protected under the Federal Rules of Civil Procedure. Because this issue is the sole remaining dispute and that the Court's July 16, 2026 Order otherwise resolved all outstanding discovery issues, this case is deemed closed. **The Clerk of Court is respectfully requested to close this matter.**

**SO ORDERED.**

DATED: New York, New York
November 4, 2026

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge